UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
REGINALD TUCKER,

               Plaintiff,

-against-

GREENWICH HOSPITAL,

               Defendant.
-----------------------------------------------------------x

VERIFIED COMPLAINT
AND JURY TRIAL DEMAND

INDEX NO.:

ASSIGNED JUDGE:

07 CIV. 0513

ROBINSON

Plaintiff, Reginald Tucker, by and through his attorney, Paul N. Cisternino, Esq., as and for his verified complaint, alleges as follows:

### INTRODUCTION

1. This is an action against the defendant for the violation of plaintiff's federally guaranteed constitutional and civil rights and his rights as otherwise guaranteed under law.

2. Plaintiff seeks monetary compensation and other damages for the wrongful, illegal and unconstitutional acts of the defendant which violated rights guaranteed to the plaintiff under various federal and state laws, specifically Title VII of the Civil Rights Act of 1964 and the New York State Human Rights Law, New York Executive Law §290 *et seq.*

3. Plaintiff alleges herein that he was subjected to discrimination, denied the equal terms, conditions and privileges of employment, retaliated against and terminated based on race/color.

## JURISDICTION AND VENUE

4. The jurisdiction of this Honorable Court is invoked pursuant to and under 28 U.S.C. §§ 1331, 1343 and 1367.

5. The unlawful acts alleged herein were committed in whole or in part in the Southern District of New York.

## ADMINISTRATIVE PROCEEDINGS

6. Plaintiff has satisfied all procedural requirements prior to commencing this action in that he timely filed charges of discrimination with the United States Equal Employment Opportunity Commission and his complaint was dual filed with the New York State Division of Human Rights; plaintiff requested and received a written dismissal from the Commission, a copy of which has been annexed hereto; the instant complaint has been filed within ninety days receipt thereof.

## PARTIES

7. Plaintiff is a 42 year-old African American male who at all times relevant herein resided in Westchester County within the State of New York.

8. Upon information and belief, defendant is an "employer" within the meaning of 42 U.S.C. §2000 *et seq* and New York Executive Law §290 *et seq*.

## ALLEGATIONS

9. Plaintiff hereby repeats and realleges each and every allegation contained in paragraphs "1" through "8" as if fully set forth herein.

10. Plaintiff had been employed since July 1995 in defendant's Food Service Department as a cook.

11. During his approximately eleven years of service with the defendant, plaintiff has performed his job duties in a competent and professional manner, and, at least until recently, he has not had any disciplinary or other similar problems.

12. During the period relevant herein, plaintiff has worked directly for Robert Seavey (hereinafter "Seavey"), a white male who was the Head Chef in Food Service.

13. Upon information and belief, the defendant does not maintain an office or mechanism for the reporting of discrimination, harassment or other similar complaints nor do they possess or distribute to employees a formal, written anti-discrimination policy.

14. During the period relevant herein, plaintiff has been treated in an unfair and discriminatory manner, upon information and belief, due to his being African American, and also subjected to a racially hostile work environment mainly by Seavey; this treatment was allowed to continue unchecked by defendant management even though they were made aware that it was going on.

15. Among other things, Seavey once made a remark about Caucasians "removing their hoods on St. Patrick's day," a remark which plaintiff took to be a reference to Ku Klux Clan garb; Seavey also told plaintiff to "kiss my [Seavey's] white ass," stated to plaintiff "you are not my bitch anymore," and, as recently as a year ago, referred to plaintiff using the racial epithet "niger."

16. When plaintiff told Seavey that because he was being treated unfairly and

3

subjected to various inappropriate behavior he was going to complain to management, Seavey threatened plaintiff and said "I'm going to get you."

17. Plaintiff complained about this treatment to defendant management many times both verbally and in writing, to no effect.

18. In October 2002, plaintiff submitted a written harassment complaint to Eric Allen, Human Resources Vice President, to no effect.

19. During this period, plaintiff also repeatedly complained verbally to Director of Hospitality Services Tony Cuomo, who also did nothing.

20. Plaintiff again complained in writing in September 2005, again to no effect; plaintiff then started getting more intense adverse treatment from Seavey and some of the other managers who were angry that he had complained.

21. In early 2006 plaintiff was falsely written up for various infractions.

22. On or about April 2, 2006, without any advance warning, plaintiff was suspended and later given a termination notice claiming as the reason his refusal to prepare a certain meal for lunch.

23. Upon information and belief, defendant's stated reason for plaintiff's termination was pretextual in that the true reason for his termination was plaintiff's African American race and/or his previous discrimination complaints.

24. At the time of his termination plaintiff was making a salary of approximately $37,000 per anum.

25. Since his termination, plaintiff has been unable to obtain suitable replacement employment.

## AS AND FOR A FIRST CAUSE OF ACTION BASED ON RACE/COLOR UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

26. The plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "25" as though fully set forth herein.

27. By engaging in the foregoing conduct, defendant has violated plaintiff's rights in that plaintiff was disparately treated and/or terminated based on race/color.

28. As herein described, the defendant acted either intentionally, with malice or with reckless disregard for plaintiff's rights, proximately causing plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling him to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION BASED ON RACE/COLOR UNDER NEW YORK EXECUTIVE LAW §290

29. The plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "28" as though fully set forth herein.

30. By engaging in the foregoing conduct, defendant has violated plaintiff's rights under the State Human Rights Law in that plaintiff was disparately treated and/or terminated based on race/color.

31. As herein described, the defendant acted either intentionally, with malice or with reckless disregard for plaintiff's rights, proximately causing plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling him to an award of compensatory damages.

5

## AS AND FOR A THIRD CAUSE OF ACTION BASED ON RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

32. The plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "31" as though fully set forth herein.

33. By engaging in the foregoing conduct, defendant has violated plaintiff's rights in that plaintiff was disparately treated and/or terminated in retaliation for having complained of discriminatory actions by the defendant.

34. As herein described, the defendant acted either intentionally, with malice or with reckless disregard for plaintiff's rights, proximately causing plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling him to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

## AS AND FOR A FOURTH CAUSE OF ACTION BASED ON RETALIATION UNDER NEW YORK EXECUTIVE LAW §290

35. The plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" as though fully set forth herein.

36. By engaging in the foregoing conduct, defendant has violated plaintiff's rights under the State Human Rights Law in that plaintiff was disparately treated and/or terminated in retaliation for having complained of discriminatory actions by the defendant.

37. As herein described, the defendant acted either intentionally, with malice or with

reckless disregard for plaintiff's rights, proximately causing plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling him to an award of compensatory damages.

### PRAYER FOR RELIEF

**WHEREFORE,** plaintiff Reginald Tucker, respectfully requests that this Court assume jurisdiction herein and thereafter:

1. Award plaintiff appropriate compensatory and punitive damages in an amount to be defined and determined;

2. Award reasonable attorney's fees and the costs of this action;

3. Award such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff demands a jury trial for all claims stated herein.

Dated:  White Plains, New York
        January 22, 2007

Respectfully submitted,
Law Office of Paul N. Cisternino, P.C.
*Attorneys for Plaintiff*

_____
By:  Paul N. Cisternino (PC-0317)
701 Westchester Ave., Suite 308W
White Plains, New York 10604
(914) 997-0303

## VERIFICATION

STATE OF NEW YORK          )
                           ) SS:
COUNTY OF WESTCHESTER      )

REGINALD TUCKER, being duly sworn, deposes and says:

I am the plaintiff herein. I have read the foregoing and know the contents thereof; the same is true of my own knowledge except as to the matters stated on information and belief; as to those matters, I believe the same to be true.

*Mr. Reginald Tucker*
_____
REGINALD TUCKER

PAUL N. CISTERNINO, ESQ.
Notary Public, State of New York
No. 02CI6020471
Qualified in Westchester County
Commission Expires 3/11/07

Subscribed and sworn to before me this
22 nd day of January 2007.

_____
Notary Public

8

EEOC Form 161-B (3/98)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Reginald Tucker<br>7 Lake Street, Apt. 5k<br>N White Plains, NY 10603 | From: | Boston Area Office - 523<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2006-02401 | Barbara Meunier,<br>Sr Investigator | (617) 565-3207 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

Robert L. Sanders,
Area Director

OCT 3 1 2006

*(Date Mailed)*

Enclosures(s)

cc: **GREENWICH HOSPITAL** (Director, Human Resources)
5 Perryridge Road
Greenwich, CT 06830

Paul N. Cisternino, Esq.
701 Westchester Ave., Suite 308W
White Plains, NY 10604